UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
OCT 1 2 2010

CLERK

| | | |
|---|---|---|
| SANFORD MEDICAL CENTER, | * | CIV. 10- 4151 |
| Plaintiff, | * | |
| vs. | * | **COMPLAINT** |
| PRAIRIE ISLAND INDIAN COMMUNITY and PREFERREDONE ADMINISTRATIVE SERVICES, | * | |
| Defendant. | * | |

Plaintiff Sanford Medical Center ("Sanford"), formerly known as Sioux Valley Hospital, states as its Complaint against Prairie Island Indian Community ("Prairie Island") and PreferredOne Administrative Services ("PAS") (collectively "Defendants") the following:

### JURISDICTION AND VENUE

1. Sanford is a South Dakota non-profit corporation with its principal place of business in Minnehaha County, South Dakota.

2. This case arises under the federal Employee's Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et seq.*, therefore, jurisdiction is proper under 28 U.S.C. § 1331.

3. Jurisdiction is also proper for Sanford's state law claims under 28 U.S.C. § 1367.

4. Venue is proper in this district, because Sanford resides in the Southern Division of the District of South Dakota and the events related to this case occurred in the Southern Division of the District of South Dakota.

5. The State of South Dakota has personal jurisdiction over Defendants, because Defendants: (a) transacted business in South Dakota from which this lawsuit arises; (b) contracted to insure persons within South Dakota; and (c) committed acts subjecting them to the jurisdiction of South Dakota in a manner not inconsistent with the Constitution of South Dakota or with the Constitution of the United States.

## COUNT I (PRAIRIE ISLAND)

6. Sanford provided medical care to Prairie Island's insured, plan participant, and plan beneficiary with the initials G.W., member ID 801629844-00, and Group PKA20005 ("the patient").

7. The Patient is an insured, participant, or beneficiary under a health insurance plan ("the Plan") issued by and self-funded by Prairie Island.

8. Under the Plan, Prairie Island failed to pay the entire balances due for the medical care provided by Sanford to the patient despite being legally obligated to do so.

9. Prairie Island's refusal to pay the entire balance of the patient's medical bills is arbitrary, capricious, erroneous, and not allowed under the terms of the Plan or the law and its refusal to pay Sanford is a breach of the Plan and a violation of the law.

10. Sanford is a participant or beneficiary under the Plan for purposes of 29 U.S.C. § 1132 by virtue of Sanford's entitlement to direct payment from Prairie Island and due to an assignment executed by the patient in favor of Sanford.

11. Sanford is entitled to payment of benefits under the Plan, to enforce its rights under the terms of the Plan, and to obtain other appropriate equitable relief under 29 U.S.C. § 1132.

12. Under the Plan, Prairie Island is required to provide benefits to Sanford for the amount charged for medical care performed.

13. The medical bills at issue incurred by the patient are covered under the Plan and should be paid in full according to the terms of the Plan and the law.

14. Sanford is entitled to recover benefits from the Plan in the amount of $71,593.75 under 29 U.S.C. § 1132(a)(1)(B).

15. Prairie Island possesses benefits that rightfully belong to Sanford and Sanford seeks equitable relief, including, among other forms of relief, restitution, in the form of an order requiring Prairie Island to deliver to Sanford all benefits owed to cover unpaid medical care provided to the patient pursuant to the Plan.

16. Sanford has previously sought the foregoing compensation by appealing to Prairie Island through Prairie Island's internal appeal review process and Prairie Island's appeals procedure.

17. Sanford has exhausted all required appeals and administrative remedies.

18. It would be futile for Sanford to exhaust any additional appeals or administrative remedies.

19. Sanford is entitled to a judgment against Prairie Island in an amount to be proven at trial, but for no less than $71,593.75.

20. Sanford is entitled to recover its attorney's fees under 29 U.S.C. § 1132(g).

21. To the extent this insurance dispute is not governed by ERISA, Sanford asserts the following:

    a. Prairie Island has a contractual obligation to provide all additional and unpaid benefits to Sanford for medical care Sanford provided to the patient.

3

    b. Sanford is a third-party beneficiary under the Plan.

    c. Sanford is an assignee of the benefits the patient is entitled to receive for medical care Sanford provided to the patient.

    d. Prairie Island has breached its contract to provide additional benefits in the amount owed for all medical care provided by Sanford that Prairie Island has failed to compensate Sanford for.

    e. Prairie Island breached its duty to deal with the patient in good faith and Prairie Island is liable for punitive damages for its bad faith denial of benefits.

    f. Prairie Island is liable for attorney's fees for its vexatious refusal to pay additional benefits under SDCL 58-12-3.

### COUNT II (PAS)

22. Sanford incorporates by reference the allegations contained in its Complaint.

23. Prairie Island hired PAS to administer the Plan at issue and to provide information or advice to Prairie Island regarding payment of benefits under the Plan to Sanford and other medical providers.

24. PAS, in fact, provided the services described above in Paragraph 23 of this Complaint to Prairie Island.

25. Prairie Island denied benefits to the patient and Sanford based on and reliance upon the information and advice provided by PAS.

26. The information or advice PAS provided to Prairie Island related to this civil action relates to payment of benefits from Prairie Island to Sanford for medical care provided by Sanford to the patient.

27. PAS's information or advice related to payment of benefits from Prairie Island to Sanford is arbitrary, capricious, not based in fact, erroneous, or otherwise unreliable.

28. PAS knew that its information or advice related to payment of benefits it provided to Prairie Island was arbitrary, capricious, not based in fact, erroneous, or otherwise unreliable.

29. PAS knew that Prairie Island would rely on the arbitrary, capricious, factually unsupported, erroneous, or otherwise unreliable information or advice PAS provided in making a decision whether to make payment, and in what amount to make payment, to Sanford for medical care Sanford provided to the patient.

30. There is a contractual or business relationship or expectancy between Sanford, Prairie Island, and the patient whereby Sanford expected to be paid by Prairie Island for the medical care Sanford provided to the patient.

31. PAS knew of the contractual or business relationship or expectancy described in Paragraph 30 of this Complaint.

32. PAS's provision of knowingly arbitrary, capricious, factually unsupported, erroneous, or otherwise unreliable information or advice constitutes an intentional and unjustified act of interference with the contractual or business relationship or expectancy described in Paragraph 30 of this Complaint.

33. Prairie Island, in fact, relied upon PAS's information and advice and, as a consequence, Sanford received no payment from Prairie Island for the medical care Sanford provided to the patient.

34. PAS tortiously interfered with the contractual or business relationship or expectancy described in Paragraph 30 of this Complaint.

35. PAS's tortious interference with the contractual or business relationship or expectancy described in Paragraph 30 of this Complaint proximately caused damages to Sanford in an amount to be proven at trial, but for no less than $71,593.75.

36. PAS is liable for punitive damages under SDCL 21-3-2 for its oppression, fraud, malice, and willful and wanton misconduct in an amount to be proven at trial.

WHEREFORE, Sanford prays for the following relief:

A. For a recovery of all benefits due to it under the Plan and the law;

B. For a judgment in an amount to be proven at trial, but for no less than the unpaid balances for medical care Sanford provided to the patient totaling $71,593.75;

C. For a judgment against Defendants in an amount no less than $71,593.75;

D. For attorney's fees, costs, and disbursements;

E. For prejudgment interest; and

F. For other relief that the Court finds just.

Dated at Sioux Falls, South Dakota, this 12th day of October, 2010.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

_____
Mitchell Peterson
206 West 14th Street
P.O. Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
E-mail: map@dehs.com
*Attorneys for Plaintiff Sanford Medical Center*

### DEMAND FOR JURY TRIAL

To the extent permitted by law, Plaintiff demands a trial by jury on all issues of fact.

_____
Mitchell Peterson